**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-6907

DAVID MEYERS,

Plaintiff - Appellant,

v.

WARDEN JEFFREY KISER; MARCUS ELAM; J. FANNIN; J. D. BENTLEY; EDWARD GWINN; C. STANLEY; M. COUNTS; L. MULLINS; F. STANLEY; T. DORTON; JAMES JONES, U.S. Judge; K. COUNTS; W. SWINEY; GLEN CONRAD, U.S. Judge; R. BALLOU, U.S. Magistrate Judge; TAMMY BARBETTO; J. KING; A. CLEVINGER; PAUL HAYMES; B4 UNIT MANAGER DUNCAN; A. GALIHAR; GAIL JONES; KEITH DAWKINS; UNKNOWN OFFICERS; C. DUDLEY; GERALDINE BAKER, a/k/a Geraldine Barker; D. TATE; J. MESSER; S. ESCOFFERY; FISCAL TECH,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Michael F. Urbanski, Chief District Judge. (7:18-cv-00485-MFU-PMS)

Submitted: September 17, 2019               Decided: September 25, 2019

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

David Meyers, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Meyers, a Virginia inmate and three-striker, has filed a consolidated notice of appeal, but did not designate the order he seeks to appeal. We dismiss this appeal for lack of jurisdiction.

Pursuant to Fed. R. App. P. 3(c)(1)(B), a notice of appeal must specify the judgment or order being appealed. We construe this rule liberally, "asking whether, the putative appellant has manifested the intent to appeal a specific judgment or order and whether the affected party had notice and an opportunity fully to brief the issue." *Jackson v. Lightsey*, 775 F.3d 170, 176 (4th Cir. 2014). "This principle of liberal construction does not, however, excuse noncompliance with the Rule." *Smith v. Barry,* 502 U.S. 244, 248 (1992). Because the dictates of Rule 3 are jurisdictional, each requirement must be satisfied as a prerequisite to appellate review. *Id.* In his one-page consolidated notice of appeal, Meyers fails to indicate the order being appealed. Accordingly, we lack jurisdiction.

Because Meyers fails to specify the order being appealed, we dismiss the appeal for lack of jurisdiction. We also deny as moot Meyers' motion for leave to proceed on appeal without prepayment of fees under the Prison Litigation Reform Act. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

2